FEDERICO ALCALÁ, Plaintiff and Appellee, v. PONCE STAR LINE, INC., Defendant and Appellant.

No. 8845. Argued April 13, 1944.—Decided July 3, 1944.

*Leopoldo Tormes García* for appellant. *Erasto Arjona Siaca* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

This case had its origin in the Municipal Court of Ponce with a complaint filed by Federico Alcalá against the Ponce Star Line, Inc., for payment of wages. As a cause of action it was alleged that from July 2, 1940, to November 5, 1941, complainant worked as overseer of the busses and vehicles and rolling stock which the respondent used in its business as a public carrier, established in Ponce; that the wage agreed upon was $1.50 for a work-day of eight hours; that during the 488 days comprised between said two dates, the complainant received a daily wage of $1.50, but that he did not receive any other compensation for seven additional hours which he worked every day during said 488 days; that the complainant is entitled to double compensation at the rate of 36-2/3 cents for every additional hour, and that said seven additional daily hours during the indicated time amount

to $1,252.53, for which sum the complainant prayed for judgment. In the trial *de novo* held on an appeal taken by the respondent against a judgment for complainant in the municipal court, the district court entered judgment ordering the respondent to pay $732 for additional hours, calculating double compensation (36-2/3 cents) for the ninth hour and ordinary compensation (18-1/3 cents) for the remaining six additional hours.

 The first issue raised by the appellant is that the complaint does not state facts sufficient to constitute a cause of action. On arguing in support of the demurrer, appellant resorts to the evidence introduced at the trial, trying to maintain that according to said evidence the complainant was not working in an establishment, since he did not work in any fixed place, and that, therefore, appellee's work is not included within that kind of work contemplated by Act No. 49 of August 7, 1935 (Spec. Sess. Laws, p. 538), on which complainant bases his cause of action.

The insufficiency of a complaint may be cured by evidence admitted without objection; on the other hand, a complaint which, like the one in the present case, adduces sufficient facts to constitute a cause of action is not rendered insufficient because its allegations are not sustained by the evidence.

██ We have already seen that complainant alleged that the work regarding which he claims compensation was done for the business that as a public carrier the defendant has in Ponce. The business referred to in the complaint is clearly included within the phrase "lucrative business" used in §1 of the Act above mentioned, which, in its **pertinent part, says:**

"No person sha'l be employed or shall be permitted to work in any commercial, industrial, or agricultural establishment or *in any other lucrative business* more than eight (8) hours during any natural day." (Italics ours.)

■ And the work done by complainant in defendant's business is clearly included in §4 of the same Act, which in its pertinent part says:

"In this Act, unless it is otherwise deduced from the context, the following definitions or words and phrases herein shall be accepted:

" . . . . . "

"*Lucrative occupation* includes all work or labor in factories, mills, centrales, machine shops, or establishments . . . and in all mining or fishing enterprises, *or enterprises of any other kind, whether industrial, commercial, or agricultural.*" (Italics ours.)

Therefore, the court did not err in overruling the demurrer based on the alleged insufficiency of the cause of action.

■ Passing to the merits of the case, we have to arrive at the inescapable conclusion that the court *a quo* committed manifest error in the appraisal of the evidence. In the course of his testimony the complainant repeatedly and unequivocably testified that according to the agreement between him and his employer he had to work fifteen hours every day at a rate of $10.50 a week, that is, a rate of $1.50 daily (Transcript of Evidence, pp. 23 and 38). Accepting as true the testimony of the complainant himself, the conclusion reached by the lower court to the effect that the employer agreed to pay the workman $1.50 for a work day of eight hours is not supported by the evidence. Undoubtedly the court was induced to err by the fact that Act No. 49 of 1935 in its §1 already copied, provides that "no person shall be employed or shall be permitted to work more than eight (8) hours during any natural day." But the court lost sight of the fact that, as we decided in the case of *Cardona* v. *District Court*, 62 P.R.R. 59 and later in *Muñoz* v. *District Court, ante,* p. 226, the Act we interpret is not a minimum wage law, but consequently, if the workman has worked more than eight hours daily for an agreed price for said time, he is bound

by his contract, and the agreed price having been paid, he can only recover from his employer the additional compensation for the ninth hour of every day he worked.

As the lower court found, the complainant worked 488 days. Having worked fifteen hours every day, a ninth hour during every one of the 488 days he worked is included in the fifteen hours, that is, 488 hours. But as the complainant has received ordinary compensation for the ninth hour on being paid, according to the agreement, $1.50 daily for fifteen hours of work, the employer only owes him that additional compensation for said 488 hours representing the ninth hour of every day he worked, which, at the rate of ten cents per hour, amount to $48.80. The lower court should have entered judgment in favor of the complainant for that sum and not for $732. *Muñoz v. District Court, supra.*

For the foregoing reasons the judgment appealed from is modified to provide that the appellant must pay the appellee the sum of $48.80, and as thus modified, it is affirmed.